IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                                                            No. 22-CV-631-DHU-KRS

SANTA FE COUNTY ADULT
DETENTION FACILITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Jarrick Earl Denewiler's Civil Complaint, filed in the State of New Mexico, First Judicial District Court, Santa Fe County on October 29, 2021, and removed to this Court by Defendant on August 25, 2022. (Doc. 1-1) (the "Complaint"). Also before the Court are: Defendant's Motion to Dismiss, filed September 1, 2022 (Doc 3); Plaintiff's Motion to Rename the Defendant, filed September 8, 2022 (Doc. 5); Plaintiff's Motion for Production, filed January 6, 2023 (Doc. 13); Plaintiffs Motion requesting a hearing, filed January 31, 2023 (Doc. 15); and Plaintiff's Motion to Appoint Counsel, filed April 28, 2023 (Doc. 17). Denewiler is incarcerated in the Santa Fe County Adult Detention Facility (the "Santa Fe County Jail". He is proceeding pro se and in forma pauperis. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff will be granted an opportunity to amend. The pending motions will be denied.

    I.        Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that

the following facts, taken from the Complaint (Doc. 1-1) and Denewiler's response to the Court's Order to Clarify Claims (Doc. 18) are true.

Denewiler alleges that in September 2021 while he was incarcerated in the Santa Fe County Jail and Derrek Williams was the acting warden, SFCACF brought a private contractor in to perform construction repairs on a prison cell. (Doc. 1-1 at 1). Denewiler was allegedly locked in a steel holding cage nearby while the construction was ongoing. (Id.; see Doc. 18 at 4). Denewiler alleges that he could smell gasses caused by the welding, could see the blue lights of the ark, and he could hear and smell spray paint. (Doc. 1-1 at 1.). He got dizzy, confused, and experienced a headache. (Id.). He asked an officer named Downey to take him to a medical unit, but Downey refused. (Id.). He then asked an officer named Robero for the same, and Robero complied. (Id.). In the fifty days preceding the original filing, in state court, of the Complaint, Denewiler told jail staff about his continuing symptoms, but they refused to provide medical care. (Id.; Doc. 18 at 4-5)). Based on the foregoing, Denewiler claims that the Santa Fe County Jail acted with deliberate indifference to his serious medical needs. (Doc. 18 at 6). He seeks approximately $30 million in damages. (Doc. 18 at 3). His claims arise under 42 U.S.C § 1983. (Doc. 18 at 7)

II. Analysis.

A. Standard of Review.

Where, as here, a prisoner civil rights action is removed from state court, the Court screens the claims under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials, even if they are removed from state court). Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While pro se pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

B. <u>Pleading Standards Governing a § 1983 Claim</u>.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*,

446 F.3d at 1046. To state a § 1983 claim, the complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

    C.  <u>Plaintiff's Complaint Fails to State a Viable Claim.</u>

    1.  <u>A County Detention Center Cannot Be Sued Under § 1983</u>.

The Santa Fe County Jail is the only named Defendant in the Complaint. Under § 1983, a county detention facility "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, 2000 WL 796086 at *4 n. 3 (10th Cir. 2000); *Apodaca v. N.M. Adult Probation & Parole*, 998 F. Supp. 2d 1160, 1190 (D. N.M. 2014); *see Gallegos v. Bernalillo Cty. Bd. of Cty. Commr's*, 242 F.Supp.3d 1256, 1267 (D. N.M. 2017) (explaining that in a § 1983 case "suing a detention facility is [like] attempting to sue a building"). Any claims against the Santa Fe County Jail must therefore be dismissed with prejudice.

    2.  <u>The Complaint Does Not State a Viable Claim Against the County of Santa Fe</u>.

In his Motion to Rename the Defendant, Denewiler recognizes that the County of Santa Fe, which must be sued in the name of the board of county commissioners, is the party against whom he seeks to state his claim. *See* NMSA 1978, § 4-46-1 (providing that the board of county commissioners of a New Mexico county is the proper party in litigation against the county). He seeks to amend his complaint to identify the Board of County Commissioners of Santa Fe County as the defendant instead of the Santa Fe County Jail. Because this amendment would be futile, the motion (Doc. 5) will be denied without prejudice.

    It is well established that a county cannot "be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather,

counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). The Complaint does not allege that an official county policy or custom caused the alleged Constitutional violation. Based on the allegations in the Complaint, any potential claim against the Santa Fe County Board of Commissioners would be subject to dismissal. If Denewiler chooses to file an amended complaint to include claims against the Santa Fe County Board of Commissioners, he is advised that unless he identifies an official policy or custom that led to his injury, the claim will not survive initial review.

    3.   <u>Standards Governing a Deliberate Indifference Claim</u>.

In addition to the foregoing bases for dismissal, Denewiler's allegations are inadequate to state a deliberate indifference claim. "The Fourteenth Amendment prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020). To state a claim for deliberate indifference, a plaintiff must plead facts sufficient to satisfy the objective and subjective components required to state Eighth Amendment claim. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020) (The Tenth Circuit applies "the two-part Eighth Amendment inquiry when a pretrial detainee alleges deliberate indifference to serious medical needs."). "The objective component is met if the deprivation is sufficiently serious" meaning it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the [need] for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.*

Denewiler does not allege that a physician has diagnosed him with a medical condition caused by the spray painting and welding. To the extent his headache, dizziness, or confusion were so severe that a lay person would easily recognize that he needed a doctor's attention, such that the objective component is satisfied, Denewiler has not identified an individual defendant (or defendants) who knew of, but disregarded, an excessive risk to his safety. A deliberate indifference claim cannot survive unless both components of the claim are met..

III.   Leave to Amend.

Generally, pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Denewiler shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the case with prejudice.

IV.   The Remaining Motions Shall Be Denied.

1. Plaintiff's Motion to Appoint Counsel.

Denewiler seeks the appointment of pro bono counsel to represent him in this action. (Doc. 17). "Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Denewiler on a *pro bono* basis. This case does not appear particularly complex, and Denewiler has not demonstrated an inability to prosecute the action. The motion will be denied accordingly.

2. The Motions Seeking Discovery and a Hearing are Premature.

Because Denewiler is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. See 28 U.S.C. § 1915A. Requests for service of process, discovery, submissions of proof, or trial are premature and unavailable prior to the Court's completing of its screening obligation. If Denewiler files an amended complaint and if the amended complaint survives screening, the Court will enter orders governing service of process, discovery, and scheduling. At this stage of the proceedings, however, Plaintiff's Motion for Production (Doc. 13) and Plaintiffs Motion requesting a hearing (Doc. 15) are premature and will be denied without prejudice.

3. Defendant's Motion to Dismiss.

Having concluded that the Complaint must be dismissed without prejudice under § 1915A, the Court Defendant's Motion to Dismiss is moot and will be denied without prejudice.

**IT IS ORDERED that**:

1. Each of the claims in the Complaint **(Doc. 1-1)** are **DISMISSED** as set forth above.

2. Plaintiff's Motion to Rename the Defendant **(Doc. 5)** is **DENIED** without prejudice to Plaintiff's prerogative to identify the proposed defendant in an amended complaint.

3. Plaintiff's Motion for Production **(Doc. 13)** is **DENIED** without prejudice.

4. Plaintiffs Motion requesting a hearing **(Doc. 15)** is **DENIED** without prejudice.

5. Plaintiff's Motion to Appoint Counsel **(Doc. 17)** is **DENIED** without prejudice.

6. Defendant's Motion to Dismiss **(Doc 3)** is **DENIED** as **MOOT**.

7. Plaintiff is granted leave to file an amended complaint within **thirty days**.

_____
UNITED STATES DISTRICT JUDGE