IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                                             No. 22-cv-631-DHU-KRS

SANTA FE COUNTY ADULT
DETENTION FACILITY,

    Defendant.

## ORDER DENYING MOTION FOR DISCOVERY AND EXTENDING AMENDMENT DEADLINE

This matter is before the Court on Plaintiff Jarrick Earl Denewiler's Motion for Discovery, filed August 10, 2023. (Doc. 29) (the "Motion"). For the reasons that follow, the Court will deny the Motion and *sua sponte* extend the deadline for Plaintiff to file an amended civil complaint.

On May 12, 2023, the Court filed a Memorandum Opinion and Order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim. (Doc. 20) (the "Screening MOO"). Consistent with *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), the Court granted Plaintiff an opportunity to remedy the defects in his complaint. (Id.). In an Order entered on July 6, 2023, the Court set a thirty-day deadline for Plaintiff to file an amended civil complaint. (Doc. 26). Before the deadline expired, Plaintiff filed a motion seeking to extend the amendment deadline. (Doc. 27). The Court granted the Motion, setting a new amendment deadline of September 8, 2023. (Doc. 28). Instead of filing an amended complaint or seeking another extension, Plaintiff filed the present Motion seeking "discovery" and claiming that jail officials have taken away his legal materials and are denying him access to LexisNexis and legal resources.

To the extent Plaintiff seeks factual discovery, the request is premature and shall be denied, for the reasons described in the Screening MOO, in which the Court denied his motions seeking

discovery and a hearing. (Doc. 20 at 7). To the extent Plaintiff argues that he cannot file an amended complaint without access to LexisNexis or other legal research materials, the argument is not well taken. In the Screening MOO, the Court described the legal standards governing Plaintiff's claims. Stating a viable civil rights claim sufficient to survive screening requires only *a short and plain statement of Plaintiff's claim showing that he is entitled to relief*. Fed. R. Civ. P. 8(a)(2). Plaintiff is presumably possessed of the facts supporting his claims and he has not shown otherwise. The Screening MOO provides the legal framework governing the claims.

As a courtesy and to facilitate his amendment, the Court will provide a new copy of the Screening MOO to Plaintiff. Additionally, in the interest of fairness, the Court will *sua sponte* extend the amendment deadline. Plaintiff is advised, however, that the Court may decline to grant further extensions of the amendment deadline absent a showing of good cause.

**IT IS THEREFORE HEREBY ORDERED** that the Motion for Discovery **(Doc. 29)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days from the entry of this Order to file an amended complaint. Failure to file an amended complaint by the deadline may result in dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that together with a copy of this Order, the **Clerks' Office** shall mail to Plaintiff a copy of the Screening MOO **(Doc. 20)**.

_____
UNITED STATES MAGISTRATE JUDGE