IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Plaintiff,

v.                                                                                                                         No. 22-cv-631-DHU-KRS

SANTA FE COUNTY ADULT
DETENTION FACILITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Jarrick Earl Denewiler's failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se*. In Plaintiff's original complaint (Doc. 1-1), as supplemented by his Response to the Court's Order to Clarify Claims (Doc. 18), Plaintiff claimed the Santa Fe County Jail acted with deliberate indifference to his serious medical needs.

    Specifically, Plaintiff alleged that in September 2021 while he was incarcerated in the Santa Fe County Jail and Derrek Williams was the acting warden, SFCACF brought a private contractor in to perform construction repairs on a prison cell. (Doc. 1-1 at 1). Plaintiff was allegedly locked in a steel holding cage nearby while the construction was ongoing. (Id.; see Doc. 18 at 4). He alleged that he could smell gasses caused by the welding, could see the blue lights of the ark, and he could hear and smell spray paint. (Doc. 1-1 at 1.). He alleged that he got dizzy, confused, and experienced a headache. (Id.). He asked an officer named Downey to take him to a medical unit, but Downey refused. (Id.). He then asked an officer named Robero for the same, and Robero complied. (Id.). In the fifty days preceding the original filing, in state court, of the Complaint, Denewiler told jail staff about his continuing symptoms, but they refused to provide medical care.

(Id.; Doc. 18 at 4-5)).

The Court liberally construed the original complaint to raise claims under the Fourteenth Amendment's prohibition against deliberate indifference to a pretrial detainee's serious medical needs. *See* (Doc. 20 at 5-6). Plaintiff sought approximately $30 million in damages. (Doc. 18 at 3).

By a Memorandum Opinion and Order entered May 12, 2023, the Court screened the original complaint as supplemented by Plaintiff's Response to the Court's Order to Clarify Claims, and determined it fails to state a cognizable claim. (Doc. 20) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Specifically, the Court held that the Santa Fe County Jail, the only named Defendant in the Complaint, could not be sued under § 1983 because a county detention facility "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, 2000 WL 796086 at *4 n. 3 (10th Cir. 2000); *Apodaca v. N.M. Adult Probation & Parole*, 998 F. Supp. 2d 1160, 1190 (D. N.M. 2014); *see Gallegos v. Bernalillo Cty. Bd. of Cty. Commr's*, 242 F.Supp.3d 1256, 1267 (D. N.M. 2017) (explaining that in a § 1983 case "suing a detention facility is [like] attempting to sue a building"). (Doc. 20 at 4).

As to Plaintiff's potential claim against the County of Santa Fe, identified as the proper party for claims against the jail in Plaintiff's Motion to Rename the Defendant (Doc. 5), the Court provided an overview of the law governing such a claim. The Court explained:

> It is well established that a county cannot "be held liable solely because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989). *See Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that

>the government as an entity is responsible under § 1983."). The Complaint does not allege that an official county policy or custom caused the alleged Constitutional violation. Based on the allegations in the Complaint, any potential claim against the Santa Fe County Board of Commissioners would be subject to dismissal. If Denewiler chooses to file an amended complaint to include claims against the Santa Fe County Board of Commissioners, he is advised that unless he identifies an official policy or custom that led to his injury, the claim will not survive initial review.

(Doc. 20 at 4-5).

The Court also addressed the merits of Plaintiff's deliberate indifference claim, as pled, and concluded that Plaintiff's allegations did not support the claim. To state a claim for deliberate indifference, a plaintiff must plead facts sufficient to satisfy the objective and subjective components required to state Eighth Amendment claim. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020) (The Tenth Circuit applies "the two-part Eighth Amendment inquiry when a pretrial detainee alleges deliberate indifference to serious medical needs."). "The objective component is met if the deprivation is sufficiently serious" meaning it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the [need] for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* Plaintiff did not allege that a physician had diagnosed him with a medical condition caused by the spray painting and welding. To the extent his headache, dizziness, or confusion were so severe that a lay person would easily recognize that he needed a doctor's attention, such that the objective component would be satisfied, Plaintiff did not identify an individual defendant (or defendants) who knew of, but disregarded, an excessive risk to his safety. A deliberate indifference claim cannot survive unless both components of the claim are met.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days.  Plaintiff was warned that the failure to timely file an amended complaint will result in the dismissal of this case with prejudice.  Before the deadline expired, Plaintiff filed a motion seeking to extend the deadline by thirty days. (Doc. 27). In an Order entered October 5, 2023, the Court granted a thirty-day extension. (Id.). Before the extended deadline expired, Plaintiff filed another motion seeking an extension, claiming that he had not received a copy of the Screening Ruling. (Doc. 32). The Court granted a second extension on October 31, 2023, warning Plaintiff that (1) "absent extraordinary circumstances shown, the Court will not extend the amendment deadline again"; and (2) "[f]ailure to file an amended may complaint by the deadline set herein may result in dismissal of this action with prejudice for the reasons set forth in the screening MOO." (Doc. 33). Together with a copy of that order, the Court mailed Plaintiff another copy of the Screening Ruling.  The final amendment deadline was November 30, 2023.  Plaintiff did not amend his pleading or otherwise respond to the Screening Ruling.  The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff Jarrick Earl Denewiler's Civil Tort Complaint filed January 29, 2020 (**Doc. 1-1**), as supplemented by his Response to the Court's Order to Clarify Claims **(Doc. 18)**, is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE